UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

DOROTHY SHORTER,                          )
                                          )
        Plaintiff,                        )
                                          )
v.                                        )        Case No. CIV-25-548-G
                                          )
SUKHRAMRAVINDER SINGH et al.,             )
                                          )
        Defendants.                       )

**ORDER**

Now before the Court is a Partial Motion to Dismiss (Doc. No. 8) filed by Defendant

GFC Trans, Inc.  Plaintiff Dorothy Shorter has responded in opposition (Doc. No. 14).

*I.      Summary of the Pleadings*

Plaintiff initially filed her Complaint (Doc. No. 1-8) in state court, bringing claims

against multiple defendants.  The case was then removed to this Court on the basis of

diversity jurisdiction.  *See* Notice of Removal (Doc. No. 1).  Remaining for disposition are

Plaintiff's claims against Defendant GFC Trans, Inc. ("GFC") and Defendant

Sukhramravinder Singh.  *See* Compl. ¶¶ 3-9; Def. Singh Answer (Doc. No. 7).

Plaintiff's Complaint presents the following allegations:

- On March 25, 2023, Plaintiff was driving westbound on I-40 in Oklahoma County in the far outside lane nearest the shoulder of the highway.  Compl. ¶ 1.

- Defendant Singh, who was traveling westbound in the middle lane, "swerved the semi-trailer he was operating into . . . Plaintiff's lane of travel," "striking her vehicle." *Id.*

- Plaintiff's vehicle was forced off the roadway and down an embankment, where it rolled over several times before coming to rest upside down.  Plaintiff "had to be extricated" from her vehicle.  *Id.* ¶ 2.

- Plaintiff was injured and "suffered great pain of body and mind" in the incident. *Id.* ¶¶ 12-14.

- Defendant Singh's negligent and reckless operation of the semi-trailer was the "direct cause" of the collision. *Id.* ¶¶ 3-4.

- Defendant Singh was "an agent, owner, employee, servant, chief executive officer, or independent contractor" of Defendant GFC. *Id.* ¶ 7.

- Defendant Singh was at all times acting either within the course and scope of his employment with Defendant GFC or as an agent of Defendant GFC, therefore rendering Defendant GFC vicariously liable for Defendant Singh's actions. *Id.*

- Defendant GFC's actions "were the direct and proximate cause of the subject collision and . . . Plaintiff's injuries." *Id.* ¶ 9.

Plaintiff asserts that Defendant GFC is liable under various theories of negligence. Specifically, Plaintiff asserts that Defendant GFC is responsible for Defendant Singh's negligence as his employer—i.e., under a theory of respondeat superior. *See id.* ¶ 7; *see also* Def.'s Mot. at 7; Pl.'s Resp. at 10. Plaintiff also asserts that Defendant GFC was "negligent in the hiring, training, monitoring and supervision of Defendant Singh" and in the "entrustment of a semi-trailer to Defendant Singh." Compl. ¶ 8.

## II. Standard of Decision

In analyzing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). "[T]o withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007)).  While the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in the pleading, the court discusses the essential elements of each alleged cause of action to better "determine whether [the plaintiff] has set forth a plausible claim." *Id.* at 1192.

A complaint fails to state a claim on which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (footnote and citation omitted).  Bare legal conclusions in a complaint are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

### III.    Discussion

Defendant seeks dismissal pursuant to Rule 12(b)(6) of Plaintiff's "direct negligence" claims—i.e., Plaintiff's claims for negligent hiring, training, monitoring/supervision, and retention.  Defendant also seeks dismissal of Plaintiff's claims for negligent entrustment and for punitive damages.  *See* Def.'s Mot. at 7-8, 10-21.[1]

### A.  Whether the Direct Negligence Claims Are Viable Under Oklahoma Law

In its Motion, Defendant GFC "admit[s]" that "Defendant Singh was acting within[] the course and scope of his employment with GFC Trans, Inc. at the time of the incident at issue," as alleged by Plaintiff.  *Id.* at 12 n.1.  Defendant GFC argues that this admission

---

[1] Defendant GFC does not seek dismissal of Plaintiff's claim for negligence under a respondeat superior theory.

renders Plaintiff's direct negligence claims nonviable under Oklahoma law. *See id.* at 11-21; *see also Bancoklahoma Mortg. Corp. v. Cap. Title Co.*, 194 F.3d 1089, 1103 (10th Cir. 1999) ("A federal court sitting in diversity applies the substantive law . . . of the forum state." (internal quotation marks omitted)).  In support, Defendant GFC cites *Jordan v. Cates*, a case in which a store customer who was involved in a physical altercation with a store employee claimed that the store was liable for the alleged battery "both under the doctrine of *respondeat superior* and for the negligent hiring and retention of" the employee. *Jordan*, 935 P.2d 289, 291 (Okla. 1997).  The Oklahoma Supreme Court affirmed the trial court's grant of summary judgment to the store on the issue of negligent hiring and retention, holding: "[T]he negligent-hiring theory imposes no additional liability on the employer where it stipulates its employee was acting within the scope of his employment when the harm-dealing altercation occurred."  *Id.*  The appellate court explained that "where the employer stipulates that liability, if any, would be under the *respondeat superior* doctrine," imposing liability on the employer under any other theory would be "unnecessary and superfluous."  *Id.* at 293; *accord N.H. v. Presbyterian Church (U.S.A.)*, 998 P.2d 592, 600 (Okla. 1999) (noting that "[e]mployers may be held liable for negligence in hiring, supervising or retaining an employee" "if vicarious liability is not established").

"Federal and state courts have applied [*Jordan*'s] pronouncement" and have disallowed such direct negligence claims "'with nearly unanimous results.'"  *Lyman v. Ayers*, No. 16-CV-161, 2016 WL 9223837, at *1 (N.D. Okla. Sept. 6, 2016) (quoting *Beaber v. Stevens Transp., Inc.*, No. CIV-15-382-R, 2015 WL 8074312, at *1 (W.D. Okla. Dec. 4, 2015) (collecting cases)).  And "the federal courts in Oklahoma generally have

extended *Jordan* to negligence claims." *Cardenas v. Ori*, No. CIV-14-386-R, 2015 WL 2213510, at *2 (W.D. Okla. May 11, 2015).

Plaintiff objects, however, that these many decisions have been reading *Jordan* too broadly. According to Plaintiff, the holding of *Jordan* is limited to cases involving an intentional tort of battery committed by an employee. *See* Pl.'s Resp. at 10-19 (citing *Fox v. Mize*, 428 P.3d 314 (Okla. 2018)).[2]

In *Fox v. Mize*, the Oklahoma Supreme Court "concluded that negligent entrustment cases are separate and distinct from *respondeat superior* negligence liability" and, thus, an "'employer's stipulation that an accident occurred during the course and scope of employment does not, as a matter of law, bar a negligent entrustment claim.'" *Sinclair v. Hembree & Hodgson Constr., L.L.C.*, No. CIV-18-938-D, 2020 WL 3965010, at *3 n.4 (W.D. Okla. July 13, 2020) (quoting *Fox*, 428 P.3d at 322). According to Plaintiff, the state-court decision—which includes a footnote stating that "for now, the holding in *Jordan* is limited to its facts"—likewise demonstrates that the holding relied upon by Defendant

---

[2] Plaintiff also cites decisions from another federal district court and some lower state courts. *See* Pl.'s Resp. at 13-19 (citing *Stalnaker v. Three Brothers Transp., LLC*, No. 4:20-CV-00140 (N.D. Okla. Jan. 31, 2022) (Order)). The *Stalnaker* court expressly noted that judges of this Court have accepted the proposition that *Jordan* applies to bar direct negligence claims. *See Stalnaker*, Order at 7 n.4. The undersigned agrees with these decisions and is not persuaded by *Stalnaker*. As for the decisions of the lower state courts, this Court must look to the view of Oklahoma's highest appellate court, here the Oklahoma Supreme Court, when ascertaining and applying that state's law. *See Wade v. EMCASCO Ins. Co.*, 483 F.3d 657, 665-66 (10th Cir. 2007); *see also Ratley ex rel. Est. of Ratley v. Awad*, No. 23-6169, 2025 WL 1166454, at *6 n.4 (10th Cir. Apr. 22, 2025) (denying request to certify question of the preclusive effect of *Jordan* to the Oklahoma Supreme Court).

should not apply in an ordinary negligence action. *Fox*, 428 P.3d at 322 n.12; *see* Pl.'s Resp. at 15.

The Court disagrees. While the *Jordan* Court "clearly limited its holding to those situations where the employer stipulates that liability, if any, would be under the respondeat superior doctrine, it did not simultaneously limit its holding only to intentional torts." *Payne v. Sesley Trucking, LLC*, No. CIV-16-1235-F, 2017 WL 11139577, at *4 n.8 (W.D. Okla. Oct. 24, 2017) (alteration and internal quotation marks omitted); *accord Avery v. Roadrunner Transp. Servs., Inc.*, No. CIV-11-1203-D, 2012 WL 6016899, at *3 (W.D. Okla. Dec. 3, 2012) ("[T]he underlying rationale of *Jordan* . . . applies equally well to negligence actions as it does to cases involving intentional torts."); *Cardenas*, 2015 WL 2213510, at *2 ("[T]he Court cannot conceive of the nature of the tort as dispositive. There is no logic to the notion that an employer would be directly liable for negligent hiring if its employee acted negligently, but not be liable if it negligently hires a person with a lengthy history of violence and the employee assaults a customer.").

Judges of this Court have specifically rejected the proposition that *Fox* should be applied to limit the reach of *Jordan* on direct negligence claims such as those raised here. In *Sinclair*, for example, Chief Judge DeGiusti granted summary judgment to the defendant-employer on the plaintiff's negligent hiring, training, and supervision claims in light of the defendant-employer's concession that its employee "was acting within the scope of his employment":

> The court in *Fox* did not decide whether a negligent hiring claim should be treated differently than a negligent entrustment claim because that issue was not before it. Further, *Jordan v. Cates* has not been overruled and remains

good law, and the Court must follow it.  *See, e.g.*, *Annese v. U.S. Xpress, Inc.*, No. CIV-17-655-C, 2019 WL 1246207, at *3 (W.D. Okla. Mar. 18, 2019) (dismissing the plaintiff's negligent hiring claim because *Jordan* has not been overruled); *Thurmond v. CRST Expedited, Inc.*, No. CIV-18-1142-R, 2019 WL 6311996, at *1 (W.D. Okla. Nov. 25, 2019) (maintaining the prior status of the law that a negligent hiring claim is superfluous where an employer stipulates that its employee was acting within the scope of employment at the time of the accident).

*Sinclair*, 2020 WL 3965010, at *3 & n.4.  Similarly, Judge Russell found that "*Jordan* controls" and granted judgment on the pleadings to a trucking company where the company sought judgment "only as to the negligent hiring, retention, training and supervision claims" and had "stipulated to an agency relationship" with the truck driver.  *Njugana v. C.R. England, Inc.*, No. CIV-19-379-R, 2020 WL 6151567, at *3 (W.D. Okla. Oct. 20, 2020); *accord Holt v. Sharipov*, No. CIV-23-1205-G (W.D. Okla. July 2, 2024) (order); *Sykes v. Bergerhouse*, No. CIV-20-333-G, 2021 WL 966036, at *2-3 (W.D. Okla. Mar. 15, 2021); *CTC, Inc. v. Schneider Nat'l Inc.*, No. CIV-20-1235-F, 2021 WL 2295512, at *2 (W.D. Okla. June 4, 2021).

The undersigned agrees that *Jordan* remains good law and is controlling on the issue presented here.  *See Njugana*, 2020 WL 6151567, at *3 ("Various judges in this district have reiterated the Court's obligation to follow *Jordan* when it is applicable, and this Court must do the same." (citing cases)); *Taylor v. Juma*, No. CIV-23-132-D, 2025 WL 582565, at *3 (W.D. Okla. Feb. 21, 2025).  Accordingly, in light of Defendant GFC's admission as to the employment of Defendant Singh, Plaintiff's direct negligence claims do not plausibly show an entitlement to relief against Defendant GFC under Oklahoma law.  *See Jordan*,

7

935 P.2d at 291; *Payne*, 2017 WL 11139577, at *4 n.8; *Sinclair*, 2020 WL 3965010, at *3 & n.4; *see also Khalik*, 671 F.3d at 1190; Fed. R. Civ. P. 12(b)(6).

### B. Whether Plaintiff Plausibly Pleads a Claim for Negligent Entrustment

Under Oklahoma law, liability for negligent entrustment of a motor vehicle lies when: "(1) a person who owns or has possession and control of a motor vehicle allowed another driver to operate the motor vehicle; (2) the person knew or reasonably should have known that the other driver was careless, reckless, and incompetent; and (3) an injury was caused by the careless and reckless driving of the motor vehicle." *Platero v. Day to Day Logistics, Inc.*, No. CIV-23-763-J (W.D. Okla. Jan. 29, 2024) (Order) (citing *Green v. Harris*, 70 P.3d 866, 871 (Okla. 2003)).

> Negligent entrustment of an automobile occurs when the automobile is supplied, directly or through a third person, for the use of another whom the supplier knows, or should know, because of youth, inexperience, or otherwise, is likely to use it in a manner involving unreasonable risk of bodily harm to others, with liability for the harm caused thereby.

*Sheffer v. Carolina Forge Co.*, 306 P.3d 544, 548 (Okla. 2013).

In her pleading, Plaintiff alleges only that Defendant GFC is "a motor property common carrier" who was negligent in its "entrustment of a semi-trailer to Defendant Singh." Compl. ¶¶ 5, 8. "Such a statement is insufficient, as it is 'devoid of any factual allegations related to [Defendant GFC's] knowledge of [Defendant Singh's] incompetence, recklessness, and carelessness.'" *Platero*, Order at 3 (quoting *Schriner v. Gerard*, No. CIV-23-206-D, 2023 WL 3138026, at *3 (W.D. Okla. Apr. 27, 2023)). Even construing Plaintiff's allegation as true, "it would not state a valid claim for negligent entrustment." *Id.*; *see also Jarrell v. Haaji*, No. CIV-23-37-PRW, 2023 WL 8655869, at *2 (W.D. Okla.

8

Dec. 14, 2023) ("Even viewing the allegations in the light most favorable to Plaintiffs, the fact that Defendant Haaji allegedly proved a bad driver in the course of the accident says nothing about whether Roadways knew or should have known that Defendant Haaji would use their truck in a dangerous way at the time Roadways entrusted it to him.").

Accordingly, this claim is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).[3]

### C. Whether Plaintiff's Request for Punitive Damages Should Be Dismissed

As noted, the Complaint requests that Plaintiff be awarded punitive damages on her claims. *See* Compl. at 4. Defendant GFC argues that dismissal is warranted because the pleading fails to plausibly allege reckless disregard on the part of Defendant GFC, as required for such an award. *See* Def.'s Mot. at 10-11.

As this Court has previously held, "'[p]unitive damages are not an independent cause of action, but a form of relief dependent on a plaintiff's other claims.'" *CapLOC, LLC v. Carrington*, No. CIV-19-175-SLP, 2020 WL 12772272, at *9 (W.D. Okla. June 16, 2020 (alterations omitted) (quoting *Blaik ex rel. A.B. v. Health Care Serv. Corp.*, No. CIV-14-990-D, 2018 WL 840764 at *9 (W.D. Okla. Feb. 12, 2018)); *accord Rodebush ex rel. Rodebush v. Okla. Nursing Homes, Ltd.*, 867 P.2d 1241, 1247 (Okla. 1993). Therefore, a request for punitive damages is not properly subject to dismissal under Rule 12(b)(6). *CapLOC*, 2020 WL 12772272, at *9 (citing *Okla. ex rel. Wilson v. Axiom Re, LP*, No. CIV-

---

[3] Plaintiff requests that the Court consider allowing her leave to amend in lieu of dismissal but fails to offer a basis to find that amendment would resolve the cited deficiencies. *Cf.* LCvR 15.1 (requiring that the proposed pleading be submitted with a motion to amend).

17-484-HE, 2018 WL 1221395 at *1 (W.D. Okla. Mar. 8, 2018)).  Dismissal shall be denied in this respect.

CONCLUSION

As outlined above, Defendant GFC Trans., Inc.'s Partial Motion to Dismiss (Doc. No. 8) is GRANTED IN PART and DENIED IN PART.  Plaintiff's negligent entrustment claim and direct negligence claims against this Defendant are dismissed without prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The Motion is otherwise denied.

IT IS SO ORDERED this 23rd day of March, 2026.

CHARLES B. GOODWIN
United States District Judge